# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:00CV33

| | |
|---|---|
| EDWARD R. MILLS, and wife, ) <br> SANDRA L. MILLS, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>       vs. ) <br> ) <br> AcandS, INC., *et. al*., ) <br> ) <br>       Defendants. ) <br> ) | **MEMORANDUM OF DECISION** |

**THIS MATTER** is before the Court on the motion for summary judgment of Defendant Dana Corporation as to Plaintiffs Edward and Sandra Mills. Based on the deposition of John Green taken on Monday, October 31, 2005, the Court finds that summary judgment is appropriate.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, … show there is no

1

> genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

**Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003).**

A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. **Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).** "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." **Bouchat, 346 F.3d at 522, citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986).** If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. **Id.**

> A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Furthermore, neither "[u]nsupported speculation," nor evidence that is "merely colorable" or "not significantly probative," will

suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," "summary judgment, if appropriate, shall be entered."

**Id.**

Moreover, in considering the facts for the purposes of this motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. **Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).**

## DISCUSSION

At issue is whether the Plaintiff Edward Mills (Mills) has sufficiently forecast evidence of his exposure to asbestos containing products manufactured by the Defendant Dana Corporation (Dana). Mills repeatedly testified that he could not remember the names of the asbestos-containing gaskets with which he worked while he was in the Navy. **See,** *e.g.*, **Deposition Transcript, July 19, 2005, attached to Defendant's Motion for Summary Judgment at 26 ("Do you know the manufacturer, brand or trade name of any of the products that you're claiming could have caused you to**

3

be exposed to asbestos while you were in Pearl Harbor aboard the Spangler? No, I wouldn't know those names."); Id., at 47 ("Do you know the manufacturer, brand or trade name of the gaskets [when you were aboard the Charles P. Cecil]? No."); Id., at 50 ("Do you associate any name with those metal spiral round gaskets? No, I don't."); Id., at 112 ("[C]an you think of any other manufacturers' names or product names of asbestos-containing products that you think might have been exposed to during your service in the Navy? I can't recall the names right offhand.  I know Charleston, A.W. Charleston gasket materials and packing.  It was a gasket material that I can't remember the name.  It started with a G, but I can't remember what it was called.  Any others?  Not right offhand at this time.").

However, when defense counsel read to Mr. Mills his answer to an interrogatory, he received a different answer.

> Q. Also, there was some information that we got from your counsel, and I'll just read a sentence and ask you if you remember or if you recall having given any information about this.  The sentence is: "I recall using Victor and A.W. Chesterton asbestos gaskets."  Do you remember ever using Victor or A. W. Chesterton gaskets?
> A. Yes.
> Q. Let's start with Victor first.  Where and when?
> A. It is on the ship somewhere.
> Q. Do you remember which ship?
> A. They would have been used on all three ships.

4

> Q. Do you remember any particular–any particular memory of using Victor gaskets on any particular ship or any given time?
> A. No.

**Deposition Transcript, July 19, 2005, attached to Plaintiff's Response to Defendant's Motion for Summary Judgment, at 130-31.**

Mr. Mills' deposition continued the next day at which time he was asked to identify products containing asbestos which he used while aboard the Chauncey. The only products or manufacturers he could identify were Garlock and Chesterton. **Deposition Transcript, July 20, 2005, attached to Plaintiff's Response, at 24.**

In response to the motion for summary judgment, Mr. Mills averred: "I specifically recall working being exposed to asbestos-containing Victor gaskets in the boiler room on a frequent and regular basis when I was in the Navy." **Affidavit, attached to Plaintiff's Response.** The Court assigns no weight to this affidavit. "[A] party against whom summary judgment is sought cannot create a jury issue by identifying discrepancies in his own account of the facts." **Spriggs v. Diamond Auto Glass, 242 F.3d 179, 186 n.7 (4th Cir. 2001), citing Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970 (4th Cir. 1990); Hernandez v. Trawler Miss Vertie Mae, 187 F.3d 432, 438 (4th Cir.**

1999).

Counsel also attached an affidavit from a co-worker, John Green, who avers "I specifically recall working with Mr. Mills in the vicinity of and being exposed to asbestos-containing Victor gaskets on a frequent and regular basis [in 1952 and 1953 on the Chauncey]." **Affidavit, attached to Plaintiff's Response.** This affidavit actually contradicts the Plaintiff's testimony that he could recall only Garlock and Chesterton products.

Moreover, Mr. Green testified during a deposition on October 31, 2005 that he had no specific recollection of Victor gaskets and his previous affidavit was erroneous. He testified repeatedly that he could not remember if the gaskets on which he and Mills worked were Victor gaskets. **Deposition Transcript, filed November 2, 2005, attached to Defendant Dana Corporation's Supplemental Reply, at 34-35 ("You can't remember if the gaskets you were removing were Victor gaskets or not. Correct."); 38-39 ("I couldn't say that the name was Victor because I did not see Victor on it at the time as far as I can remember right now."); 40; 56 ("I could not swear to it because I don't remember seeing the names on them."); 68-70 ("But today you cannot swear that you or Mr. Mills worked around Victor gaskets.

**Well, I could change my testimony, but I'd be lying to you because I don't-still don't know-for sure.").**

> [The Fourth Circuit] has previously held that the plaintiff in a personal injury asbestos case "must prove more than a casual or minimum contact with the product" containing asbestos in order to hold the manufacturer of that product liable. Instead, the plaintiff must present "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked."

**Jones v. Owens-Corning Fiberglas Corp., 69 F.3d 712, 716 (4th Cir. 1995).**

The Court finds that the Plaintiff has been unable to show evidence of exposure to this specific product on a regular basis over some period of time. **Lohrmann v. Pittsburg Corning Corp., 782 F.2d 1156 (4th Cir. 1986) ("We have spoken to the question of the sufficiency of circumstantial evidence required to support a finding of causal connection and have concluded that there must be evidence of a reasonable and rational nature upon which a jury can make the necessary inference that there is a causal connection between a defendant's action and a plaintiff's injury.").** "'[I]t is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture.'" **Id.**

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for summary judgment is hereby **GRANTED**.

**Signed: November 5, 2005**

Lacy H. Thornburg
United States District Judge